WILSON E. EVANS v. RALPH H. WALKER, WARDEN

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 83078

Memorandum filed October 5, November 3, 1948.

*Clayton L. Klein,* of Waterbury, for the Plaintiff.

*Abraham S. Ullman,* of New Haven, for the Defendant.

INGLIS, J.  On September 29, 1925, the plaintiff was sentenced by the Superior Court for New Haven County to serve a term of not less than five nor more than thirty years in the state prison. He was released on parole on August 18, 1941. On September 23, 1943, he was arrested in Shelton charged with the commission of a crime. He was bound over to the Superior Court for Fairfield County and was held in the county jail in that county from September 25, 1943, until February 4, 1944, a period of 133 days. On the latter date the case against him was nolled and he was returned to state prison as a parole violator. Thereupon the warden and board of directors of the prison ordered the forfeiture of some of the plaintiff's accumulation of allowance for good behavior but that forfeiture has since been revoked.

The only question in the case is whether the running of the plaintiff's sentence was suspended during the 133 days which he spent in the Fairfield County Jail. If it was, his maximum sentence less allowance for good conduct will not expire until February 15, 1949. If his sentence to state prison continued to run during the time he was in jail, his maximum sentence less allowance has already expired.

The answer to the question is to be found in General Statutes, Cum. Sup. 1939, § 1471e. That section reads in part as follows: "(a) Any paroled convict who has been or shall be returned to said prison for violation of his parole may be retained in said prison for a period equal to the unexpired portion of the term of his sentence at the date of the request or order for his return less any commutation or diminution of his sentence earned except as the warden and board of directors may, in their discretion, determine that he shall forfeit any or all of such earned time. . . ."

The contention made by the prison authorities is that the time which the plaintiff spent in the county jail ought not to count as a part of his sentence because during that time he was not under their control. The statute, however, does not make control or lack of control the test. It provides expressly that when a man is returned for violation of his parole he is to be held only for a time equal to the balance of his sentence remaining after the date of the issuance of the order for his return. That is, the running of a prisoner's sentence may be suspended between the time that the order for his return as a parole violator is made and the time when he actually gets back into prison, but while he is out of the prison by virtue of his parole his sentence is continuing to run until an order for his return is made.

In the present case the plaintiff stated that while he was in the county jail he several times requested the prison authorities to come and take him back to the prison but they did not do so until February 4, 1944. There is no other evidence as to when the warden and board of directors ordered his return. Accordingly, the fair inference is that such order was not made until February 4, 1944. That being so, the statute requires him to serve thereafter only so much of his sentence as was unexpired at that date. He does not have to serve in addition the 133 days which had run prior thereto.

Judgment may enter granting the writ and ordering the plaintiff's release from the custody of the defendant forthwith.

Judgment was entered in this case on October 5, 1948, directing the plaintiff's release from state prison. As appears from the memorandum of decision, the rationale was that the running of the plaintiff's sentence had not been suspended during the 133 days that he was confined in the Fairfield County jail in 1943 and 1944 because, under the statute, the term of a sentence of a parole violator continues to run until such time as the warden and directors of the prison order the revocation of the parole. At the former hearing no evidence had been offered to indicate that such an order had been made prior to the time when the plaintiff was actually returned to the prison.

On October 6, 1948, the defendant moved to open the judgment for the purpose of producing further evidence on that subject. The court, still having control of its judgment during the term at which it was rendered, did open the judgment and upon the further hearing of the case finds that the warden and dircetors did order the revocation of the plaintiff's parole on October 6, 1943.

Under the statute, General Statutes, Cum. Sup. 1939, § 1471e, when the plaintiff was finally returned to prison on February 4, 1944, he was bound to serve so much of his sentence as remained unserved on October 6, 1943. That remainder of his sentence has not yet expired and he is therefore not entitled to a release at this time.

Judgment may enter dismissing the writ.